UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHARLES D. COMER,

        Petitioner,

v.                                      Case No:  5:10-cv-622-Oc-38TBS

WARDEN, FCC COLEMAN - LOW,

        Respondent.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon review of the file. Charles D. Comer, a pro se petitioner, initiated this action while incarcerated at FCC Coleman, located in Coleman, Florida, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition), under the savings clause of 28 U.S.C. § 2255. See generally Petition. Petitioner submitted a memorandum of law (Doc. #3, Memorandum) in support. Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction (Doc. #8, Motion). Petitioner filed a Reply (Doc. #9, Reply). For the reasons herein, the Court finds the Respondent's Motion should be granted and the Petition should be dismissed.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**I. Background**

Petitioner was indicted in the Middle District of North Carolina and charged with conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841, 846. Petition at 2; Response at 1 (citing <u>United States v. Charles D. Comer</u>, Case No. 2:95-cr-119-NCT-2 (M.D. N.C. 1995)(hereinafter "Crim. Case"). On May 9, 1995, the United States filed a notice seeking an enhanced sentence based on Petitioner's prior convictions. Crim. Case Doc. #19. The jury found Petitioner guilty. Crim. Case Doc. #49. Petitioner was sentenced to 292-months imprisonment. Crim. Case Doc. #78. The sentence was subsequently reduced to 240-months on July 12, 2011. Crim. Case Doc. #162.

Petitioner appealed and the judgment of the district court was affirmed. Crim. Case Docs. #86, #109, #110. Petitioner then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. Crim. Case Docs. # 112, #113, #115, #116. The court denied his motion, and Petitioner appealed. Crim. Case Docs. #126, #123. The certificate of appealability was denied on November 9, 2000. #131, #132. Petitioner filed successive § 2255 motions, which the court also denied, *inter alia* for failing to seek permission to file a successive motion from the Eleventh Circuit. Crim. Case Docs. #133, #137, #142, #144. During the pendency of the instant action, Petitioner continued to seek relief in his criminal case by again filing a § 2255 motion and a motion to reduce his sentence. Crim. Case Docs. #165, #166. The district court ordered briefing from the Government on the motion to reduce the sentence. Crim. Case Doc. #169. On June 5, 2013, the court ultimately denied Petitioner's motion for a sentence reduction. Crim. Case Doc. #187.

Petitioner initiated the instant action challenging his enhanced sentence on November 26, 2010.  Petitioner asserts that the sentencing range for violating 21 U.S.C. § 841, § 846 was 0 to 240 months.  Petition at 3.  Petitioner argues that he is "actually innocent" of his enhanced sentence based upon United States v. O'Brien, 560 U.S. 218, 130 S. Ct. 218 (2010) and Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S. Ct. 2577 (2010).  Petitioner also argues that the predicate drug offenses did not constitute "serious drug offenses" when: (1) he received a 60-day sentence as a result of the drug conviction; and, (2) the conviction involved 9.2 grams of crack cocaine.  See generally Petition.  Thus, Petitioner requests that the Court find him "actually innocent" of his enhanced sentence.  Id. at 6.

Respondent filed a Response (Doc. #8, Response) to the Petition seeking dismissal of the Petition for lack of jurisdiction.  Respondent attaches case law supporting its position.  Doc. #8-1.  In sum, Respondent argues that the instant Petition is improperly filed under the savings clause and therefore the Court lacks jurisdiction.  Respondent notes that Petitioner already pursued and was denied collateral relief in his § 2255 motion, and denied leave to file a successive § 2255 motion.  See generally Response.  In Reply, Petitioner asserts that his reliance on the Supreme Court cases was proper and he can pursue relief under the savings clause because his enhanced sentence exceeds the statutory maximum.  See Reply.

Upon review, the Court agrees with Respondent and will dismiss the Petition as an improper filing under 28 U.S.C. § 2241 because Petitioner's challenge to his sentence is foreclosed by Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999).  See

Id., 177 F.3d at 1238 (setting forth three prong test); but see Turner, 709 F.3d 1328, 1333-1334 (11th Cir. 2013)(noting that the Wofford test is *dicta*); see also Williams v. Warden, Federal Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013)(clarifying the test set forth in Wofford, 177 F.3d at 1236).

## II. Discussion

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

Petitioner's previous § 2255 motion was denied by the court which imposed his sentence. Thus, Petitioner may not file another § 2255 motion without first receiving permission from the appropriate United States Court of Appeals, which Petitioner has failed to do. 28 U.S.C. § 2255(h); Darby v. Hawk–Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)("[w]hen a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission . . . before filing a successive § 2255 motion"). Petitioner attempts to circumvent this requirement by filing a petition under the "savings clause" of § 2255. The savings clause of § 2255 permits a federal petitioner to file a § 2241 petition if the petitioner can establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241. According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d at 1245. A prisoner may not use the savings clause simply to circumvent the restrictions on filing a second or successive motion. Id. The Williams court interpreted Wofford as establishing two necessary conditions for a sentencing claim to pass muster under the saving's clause: First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally important, condition is the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. Id. at 1343 (citing Wofford, 177 F.3d at 1245). Even then, the Eleventh Circuit expressly refused to say whether such a showing would be sufficient to open a portal to § 2241. Id. (Wofford's holding established two necessary conditions—although it does not go as far as holding them to be sufficient—for a sentencing claim to pass muster under the saving's clause). This threshold showing is a jurisdictional requirement, and where it is absent, federal courts lack authority to consider the merits of a petitioner's § 2241 claims. Id. at 1338.

Petitioner cannot satisfy either requirement. Although Petitioner cites to two United States Supreme Court cases, Carachuri-Rosendo and Obrien, the Court finds that these cases are inapposite. The Carachuri-Rosendo decision involved removal proceedings under the Immigration and Nationality Act. See generally Carachuri, 130 S. Ct. at 2580-82. The Supreme Court's holding in Carachuri, with respect to the

removal proceedings, was that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under § 1229b(a)(3) of a 'felony punishable' as such 'under the Controlled Substances Act," 18 U.S.C. 924(c)(2)." Id. at 2589. Accordingly, the Carachuri case does not change any sentencing enhancement Petitioner received during sentencing.

In O'Brien, the Supreme Court held that, for purposes of mandatory minimum sentencing under 18 U.S.C. § 924(c)(1)(B)(ii), the use of a machine gun in a crime is an element to be proved to a jury beyond a reasonable doubt, not a sentencing factor to be proved to the judge at sentencing. O'Brien, 130 S. Ct. at 2180. Petitioner suggests, based on O'Brien, that the quantity of cocaine in his possession should have been a question for the jury. Petitioner, however, points to no case law stating that the quantity of drugs for which he stands convicted is a question for the jury. And, the Court finds the O'Brien case inapplicable to Petitioner's case.

Even if Carachuri-Rosendo and O'Brien cases were applicable to Petitioner's situation, Petitioner points to no case law that establishes that these cases should be applied retroactively, which is the first, requisite element to open the portal. Nor is the Court aware of any such precedent. To the contrary, there is case law finding that these cases are not retroactive. See e.g. Trice Bey v. Warden, FCI Bennettsville, South Carolina, 511 F. App'x 941 (11th Cir. 2013)(explaining that the Supreme Court did not make Carachuri-Rosendo retroactive to cases on collateral review); Navarro v. United States, Case No. 8:11-cv-1152-T-24MAP, 2011 WL 2562480 *2 (M.D. Fla. June 28, 2011)(finding O'Brien does not apply retroactively)(citing United States v. Smith, 1:90-

CR-01036-MP-CRJ, 2011 WL 2006342 (N.D. Fla. May 23, 2011); Oharo v. Wells, CV 310-086, 2010 WL 5625387 (S.D. Ga. Jan. 19, 2011)); see also Daniel v. Hayes, Case No. CV210-118, 2011 WL 3444337, *3-*4 (S.D. Ga. July 6, 2011)(dismissing § 2241 petition raising claim under Carachuri-Rosendo for failure to satisfy Wofford requirements). "A new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Navarro, 2011 WL 2562480 *2 (citing Tyler v. Cain, 533 U.S. 656, 663 (2001)). Since the Court concludes that these cases are inapposite and/or not retroactive, Petitioner cannot meet the first prong of Wofford.

Further, nothing precluded Petitioner from raising this argument, on appeal, or in his first § 2255 motion. In Wofford, the Eleventh Circuit stated that all that is required under 28 U.S.C. § 2255(e) is that a petitioner have had an "unobstructed procedural shot" at getting his sentence vacated. Wofford, 177 F.3d at 1244. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed." Id.; see also Turner v. Warden, Coleman FCI, 709 F.3d 1328 (11th Cir. 2013)(holding that § 2255(e)'s savings clause did not cover federal habeas petitioner's claim, because it could have been raised in an earlier § 2255 proceeding). Because circuit precedent did not foreclose this claim, Petitioner's first § 2255 motion was not inadequate or ineffective to raise the instant sentencing claim. Accordingly, the savings clause provision of § 2255(e) does not apply to this petition.

In sum, Petitioner cannot satisfy either prong of the Wofford test, therefore the savings clause of § 2255(e) does not apply. Petitioner's collateral attack on his federal

conviction must be treated as a § 2255 petition. However, Petitioner has previously filed a § 2255 petition. Thus, the instant action is successive and the Court lacks jurisdiction.

Accordingly, it is hereby

**ORDERED** :

1. Respondent's Motion ([Doc. #8](Doc. #8)) is **GRANTED**. The Petition is dismissed for lack of jurisdiction.

2. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of December, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record